**ARKANSAS–LOUISIANA GAS COMPANY, Appellant,**

v.

**OIL, CHEMICAL AND ATOMIC WORKERS INTERNATIONAL WORKERS UNION LOCAL NO. 5–283, Appellee.**

**No. 7275.**

United States Court of Appeals
Tenth Circuit.
July 24, 1963.

William D. Curlee, Oklahoma City, Okl., (Lytle Soulé & Emery, Oklahoma City, Okl., on the brief), for appellant.

John R. Tadlock, Denver, Colo. (C. W. Schwoerke, Oklahoma City, Okl., on the brief), for appellee.

Before PHILLIPS, PICKETT and LEWIS, Circuit Judges.

PHILLIPS, Circuit Judge.

The Oil, Chemical and Atomic Workers International Workers Union Local No. 5-283 [1] filed an action against the Arkansas-Louisiana Gas Company [2] under § 301 of the Labor-Management Relations Act of 1947, as amended, 29 U.S.C.A. § 185, et seq. In its complaint the Union alleged that it was the duly certified exclusive bargaining agent for all eligible employees of the Company in its Oklahoma-Kansas Division, as set forth in the collective bargaining agreement, dated April 1, 1961, for the purpose of collective bargaining with respect to rates of pay, hours of work, and other conditions of employment; that a copy of such agreement was marked Exhibit A, attached to and made a part of the complaint; that the Company is a Delaware Corporation and is engaged in the purchase, distribution, transmission and sale of natural gas in an industry affecting commerce, as defined in the Labor-Management Relations Act of 1947, as amended, § 501(1), 29 U.S.C.A. § 142(1), within the Western District of Oklahoma; that such agreement, at the time of the filing of the complaint and at all times therein mentioned, was in full force and effect.

Section 4 of Article V of such agreement in part here pertinent reads:

"Arbitration. (a) Only controversies arising between the UNION and the COMPANY relating to the interpretation or application of this agreement shall be submitted to arbiters, who shall only have authority to interpret and apply the provisions hereof, it being agreed that questions involving modifications, additions and changes in the terms and provisions of this agreement or renewal or renegotiations shall not be subject to arbitration hereunder, such questions being in the field of collective bargaining and not in the field of complaint and arbitration."

Section 6(a) of Article XIV of such agreement in part here pertinent reads:

" * * * Temporary vacancies created by emergencies, vacations and sickness shall be filled by the senior qualified employee within the immediate work area * * *."

The complaint further alleged that on June 6 and 7, 1962, a supervisory employee of the Company at Tonkawa, Oklahoma, performed work on three air conditioning units at the Starlight Bowling Lanes in Tonkawa and was assisted by various bowling alley employees at a time when a member of the bargaining unit and classified under Article III of the bargaining agreement was available to perform such work; that on or about June 7 or 8, 1962, at Marlow, Oklahoma, an employee of the Company who was classified as Service Man, B, was temporarily transferred to another town, leaving the City of Marlow without a service man; that the Company directed and allowed its town manager, who was a supervisory employee and outside of the bargaining unit, to do Service Man, B,'s work, and thereby deprived another employee of the right to do such work; that on or about June 11 or 12, 1962, the Company's supervisory employee in

---

1. Hereinafter called the Union.

2. Hereinafter called the Company.

charge of the Marlow Field in Oklahoma performed the work of well tender in place of a regular employee covered by the bargaining agreement, who was off work on account of a vacation or sick leave, instead of upgrading another employee and permitting him to do such work, as required by the terms of the bargaining agreement; and that in each of the three cases mentioned above, grievances were duly filed and all prerequisites to the right of arbitration were carried out and performed by the Union and arbitration of such grievances demanded, and that in each instance the Company refused to arbitrate. The Union prayed for a judgment enjoining the Company from refusing to arbitrate such cases. In its amended answer the Company asserted that such grievances were not subject to arbitration under the provisions of the collective bargaining agreement. The Union moved for summary judgment upon the pleadings. The Company filed a motion in which it stated there was no material issue of fact in the pleadings and prayed for summary judgment in its favor. The trial court sustained the Union's motion and entered judgment enjoining the Company from refusing to arbitrate the grievances "set out in the complaint." The Company has appealed.

We think it clear that there was a controversy between the Union and the Company, which involved an interpretation of the arbitration clause of the bargaining agreement, for the purpose of determining whether the three grievances filed by the Union were excluded from arbitration by such clause or were arbitrable under the agreement. This view is supported by a decision of this court in International Union, United Automobile, Aircraft and Agricultural Implement Workers of America v. Cardwell Mfg. Co., 10 Cir., 304 F.2d 801.

We think also that there was a controversy between the Union and the Company as to whether the Company violated the bargaining agreement by permitting supervisory employees of the Company to perform work, as set out in the complaint, instead of upgrading classified employees within the bargaining unit and permitting them to do such work, and that such controversies involved an interpretation and application of the contract and particularly § 6(a) of Article XIV.

We conclude that both of such controversies relate to the interpretation or application of the bargaining agreement and involved controversies arbitrable under § 4 of Article V of the bargaining agreement.

Accordingly, the judgment is affirmed.